**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 11-42578   -MSH |
| LOUCHESCHI LLC | ) | |
|  | ) | |
|  | ) | |
| Debtor | ) | |
|  | ) | |
| JONATHAN GOLDSMITH, TRUSTEE | ) | |
|  | ) | |
| Plaintiff | ) | Adversary Proceeding |
|  | ) | No. 11-4122 |
| v. | ) | |
|  | ) | |
| LBM FINANCIAL, LLC and MARCELLO | ) | |
| MALLEGNI | ) | |
|  | ) | |
| Defendants | ) | |

**MEMORANDUM AND ORDER ON THE PLAINTIFF TRUSTEE'S MOTION TO
AMEND THE COMPLAINT**

Jonathan Goldsmith, the chapter 7 trustee of the estate of Loucheschi LLC and the plaintiff

in this adversary proceeding, has moved to amend the complaint to add a count seeking to void a

mortgage held by the defendant LBM Financial, LLC pursuant to MASS. GEN. LAWS ch. 260, § 33,

commonly referred to as the obsolete mortgage statute.[1] The defendants, LBM and Marcello

---

[1] MASS. GEN. LAWS ch. 260, § 33 provides in pertinent part:

A power of sale in any mortgage of real estate shall not be exercised and an entry shall not
be made nor possession taken nor proceeding begun for foreclosure of any such mortgage
after the expiration of, in the case of a mortgage in which no term of the mortgage is stated,
35 years from the recording of the mortgage or, in the case of a mortgage in which the term
or maturity date of the mortgage is stated, 5 years from the expiration of the term or from
the maturity date, unless an extension of the mortgage, or an acknowledgment or affidavit
that the mortgage is not satisfied, is recorded before the expiration of such period. In case

1

Mallegni, oppose the motion claiming that the amendment would be futile because the mortgage has not lapsed.

**Facts**

The relevant facts are undisputed. On or about October 13, 2004, to secure money loaned to Bell-Ches Realty Trust, Loucheschi's predecessor in interest, Bell-Ches granted LBM both a first and a second mortgage on property located in Dennis, Massachusetts. On August 9, 2006, Bell-Ches executed a new note to LBM secured by a new first mortgage that is the one at issue here. The mortgage contained a stated maturity date of August 9, 2007.[2] Loucheschi succeeded to Bell-Ches' obligations under the relevant loan documents.

On May 25, 2010 LBM made a peaceable entry on the Dennis property to initiate foreclosure. The certificate of entry was duly recorded on June 10, 2010. On June 15, 2011, Loucheschi filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*). On September 15, 2011, Loucheschi commenced this adversary proceeding against LBM. On June 18, 2012, Loucheschi's bankruptcy case was converted to one under chapter 7 and Mr. Goldsmith was appointed the chapter 7 trustee. Mr. Goldsmith succeeded

---

an extension of the mortgage or the acknowledgment or affidavit is so recorded, the period shall continue until 5 years shall have elapsed during which there is not recorded any further extension of the mortgage or acknowledgment or affidavit that the mortgage is not satisfied…. Upon the expiration of the period provided herein, the mortgage shall be considered discharged for all purposes without the necessity of further action by the owner of the equity of redemption or any other persons having an interest in the mortgaged property and, in the case of registered land, upon the payment of the fee for the recording of a discharge, the mortgage shall be marked as discharged on the relevant memorandum of encumbrances in the same manner as for any other mortgage duly discharged.

[2] The proposed amended complaint states that the mortgage was recorded on August 11, 2006 with a maturity date of August 11, 2007 but at oral argument the trustee stated that the mortgage was executed on August 9, 2006 and its maturity date was August 9, 2007. The discrepancy is not material to the issue before me.

to the claims of Loucheschi as plaintiff in the adversary proceeding. The original complaint did not include a count under the obsolete mortgage statute.

By order entered in the main case on August 3, 2012, I granted LBM relief from the automatic stay provisions of the Bankruptcy Code effective September 4, 2012 to exercise its rights under its loan documents, including foreclosing its mortgage on the Dennis property. On October 4, 2012, LBM commenced a judicial foreclosure of its mortgage on the Dennis property pursuant to MASS. GEN. LAWS ch. 244, §§ 1 and 3 by filing a complaint in the Barnstable Superior Court Department of the Trial Court of the Commonwealth.

### Discussion

At this stage of the adversary proceeding, the trustee may amend the complaint only with LBM's written consent or leave of court. Fed. R. Civ. P. 15(a), made applicable to this proceeding by Fed. R. Bankr. P. 7015. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The trustee argues that justice requires the amendment to add a cause of action under the obsolete mortgage statute since that cause of action accrued after the original complaint was filed. LBM counters that amending the complaint to add such a count would be futile.

A motion to amend a complaint may be denied as futile if the complaint, as amended, would fail to state a claim upon which relief could be granted under the standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Under the standard for deciding a motion to dismiss for failure to state a claim, "a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993). To avoid dismissal of a claim under Rule 12(b)(6), a plaintiff must plead "factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). It is not enough to speculate as to the facts or simply allege the elements of a claim. *Id.* A court is "not bound to accept legal conclusions couched in fact." *In re Di Vittorio,* 430 B.R. 26, 44 (Bankr. D. Mass. 2010). Nor should a court give credence to any "fact" which has been "conclusively contradicted by plaintiffs' concessions or otherwise." *Chongris v. Bd. of Appeals of Town of Andover,* 811 F.2d 36, 37 (1st Cir. 1987).

In this proceeding, the parties do not dispute the relevant facts but disagree as to whether those facts demonstrate that LBM's August 2006 mortgage is now obsolete. LBM and Mr. Mallegni argue that it is not for two reasons. First, they assert that LBM commenced foreclosure by entry on the Dennis property in May 2010, and recorded its certificate of entry in June 2010, prior to Loucheschi's filing bankruptcy and has remained a mortgagee in possession for the three years required to complete a foreclosure by entry and possession pursuant to MASS. GEN. LAWS ch. 244, § 1. Second, LBM and Mr. Mallegni maintain that in any event LBM commenced a judicial foreclosure proceeding pursuant to MASS. GEN. LAWS ch. 244, §§ 1 and 3 on October 4, 2013, the last day before its mortgage could possibly be obsolete under MASS. GEN. LAWS ch. 260, § 33.

The trustee brings to bear the following arguments to support his position that LBM's mortgage is obsolete and thus adding a count to that effect in the complaint would not be futile. First, he asserts that as a result of Loucheschi's filing for bankruptcy, LBM's foreclosure by entry was ineffective. Second, he urges me to find that LBM's commencement of the Barnstable Superior Court foreclosure action on October 4, 2012, was a day too late under Bankruptcy Code §

4

108(c)(2). Third, as an alternative to his second argument, he alleges that the thirty day period

under § 108(c)(2) starts to run from the date of notice of the termination of the stay, not from the

date of the actual stay termination. Since LBM had notice of the stay termination on August 2,

2012, a month prior to the actual stay termination, the superior court foreclosure action was

commenced more than a month too late. I will discuss each argument in turn.

**LBM's Foreclosure by Entry and Possession**

There are four ways to foreclose a mortgage under Massachusetts law: (1) by peaceable

entry, recording a certificate of entry and maintenance of peaceable possession for three years after

recording the certificate, MASS. GEN. LAWS ch. 244, §§ 1, 2; (2) by sale under a statutory power of

sale if provided for in the mortgage, MASS. GEN. LAWS ch. 244, §§ 11–15, 17; (3) by action, MASS.

GEN. LAWS ch. 244, §§1, 3–10; and (4) by a bill in equity, MASS. GEN. LAWS ch. 185, § 1(k). "The

third method is seldom used and the fourth is available only in extraordinary circumstances."

*Negron v. Gordon,* 373 Mass. 199, 206, 366 N.E.2d 241, 245 (Mass. 1977).

LBM argues that it foreclosed by making entry in May, 2010, and recording a certificate

thereof in June 2010, well before the relevant period under the obsolete mortgage statute had run,

and by retaining peaceable possession of the mortgaged premises for three years in accordance

with MASS. GEN. LAWS ch. 244, § 1.[3]

Recently in *Silveira v. Wells Fargo, Bank, N.A. (In re Silveira*), 12-4036, 2013 WL

1867472, at *8-10 (Bankr. D. Mass. May 3, 2013), I examined the requirement that peaceable

---

[3] MASS. GEN. LAWS ch. 244, § 1 provides "(a) mortgagee may, after breach of condition of a mortgage of land, recover possession of the land mortgaged by an open and peaceable entry thereon, if not opposed by the mortgagor or other person claiming it, or by action under this chapter; and possession so obtained, if continued peaceably for three years from the date of recording of the memorandum or certificate as provided in section two, shall forever foreclose the right of redemption."

5

possession must continue for three years from the recording of the certificate of entry in order to foreclose the mortgagor's right to redeem the equity in the mortgaged premises under Massachusetts law. After reviewing the relevant Massachusetts case precedent, both state and federal, I concluded that the commencement of an adversary proceeding challenging a mortgage lender's right to be in possession of the mortgaged premises interrupts the lender's peaceable possession.

I see no reason to depart from the reasoning in *Silveira* and thus find that Loucheschi's commencement of this adversary proceeding in which it challenged the enforceability of LBM's August 9, 2006 mortgage terminated LBM's peaceable possession of the Dennis property. Because the adversary proceeding was commenced before the end of the three year period following the recording of LBM's certificate of entry, LBM's foreclosure by its June 2010 entry was ineffective and cannot serve to prevent the application of the Massachusetts obsolete mortgage statute.

**The Obsolete Mortgage Statute**

The Massachusetts obsolete mortgage statute prohibits a mortgagee from foreclosing a mortgage by exercising a power of sale, by making an entry and taking possession, or by commencing a judicial proceeding for foreclosure after five years from the expiration of the term or the maturity date of the mortgage, unless an extension of the mortgage, or an acknowledgment or affidavit that the mortgage is not satisfied, is recorded before the expiration of the five-year period. MASS. GEN. LAWS ch. 260, § 33.[4] In other words, the statute bars each of the different

---

[4] Because the mortgage at issue had a stated maturity date, August 9, 2007, the five year period following the maturity date is the applicable period. Also the parties agree that neither an extension of the mortgage nor an affidavit of non-satisfaction was recorded at any time.

types of foreclosure actions if taken more than five years after the maturity of a mortgage whose

applicable period is not otherwise extended. *Housman v. LBM Financial LLC*, 80 Mass. App. Ct.

213, 219-20, 952 N.E.2d 418, 424 (2011). Here, LBM has attempted two different types of

foreclosure identified in the statute. But since its foreclosure by entry and possession was

interrupted and became ineffective when this adversary proceeding was initiated, LBM's only

escape from the clutches of the obsolete mortgage statute would be as a result of the judicial

foreclosure proceeding it commenced on October 4, 2012.[5]  As its mortgage matured on August 9,

2007, LBM's judicial foreclosure proceeding would be too late but for the intervention of

Loucheschi's bankruptcy which the parties agree gave LBM additional time to take action. While

the parties agree that LBM had additional time to act, they disagree as to when that time started and

thus when it expired.

**The Tolling of the Five Year Period**

Bankruptcy Code § 108(c), among other things, extends state statutes of limitation on

claims by creditors who are prevented by the automatic stay from taking timely action to assert

those claims.[6] Because the five year period under the Massachusetts obsolete mortgage statute

---

[5]  LBM initiated foreclosure by entry and possession and by judicial proceeding but not by
exercising the power of sale in its mortgage. Had LBM begun but not completed foreclosure by
power of sale prior to the expiration of the five year period after maturity of its mortgage, it is
arguable that the mortgage would have been rendered obsolete and unenforceable. In *Housman*, a
case in which LBM was the mortgagee, the Massachusetts Appeals Court stated that the date of the
commencement of a foreclosure by power of sale is irrelevant under the obsolete mortgage statute.
The Appeals Court held that the obsolete mortgage statute requires foreclosure by power of sale to
be *completed* prior to the expiration of the five year period. With respect to a judicial foreclosure,
which is the method employed by LBM here, the statute requires merely that the proceeding have
"begun" in order to avoid obsolescence. Completion is not required. *Shamus Holdings, LLC v.
LBM Financial, LLC (In re Shamus Holdings LLC)*, 642 F.3d 263, 267 (1st Cir. 2011).

[6]  Section 108(c) provides in pertinent part:

with respect to LBM's mortgage had not yet run when Loucheschi filed its chapter 11 petition on

June 15, 2011, under § 108(c) LBM had additional time to act. Noting that I granted LBM relief

from the automatic stay "effective September 4, 2012," the trustee argues that LBM had "30 days

after …expiration of the stay" as provided for in § 108(c)(2), namely until October 3, 2012, to

commence its judicial foreclosure proceeding before the mortgage became obsolete and

unenforceable under the Massachusetts statute. LBM argues that September 4, 2012, should not be

counted in determining the thirty days and thus October, 4, 2012, the day it commenced the

foreclosure action, was the thirtieth day after the expiration of the stay. Thus, under LBM's view

of the facts, its mortgage did not become obsolete. LBM has the better argument.

Fed. R. Bankr. P. 9006(a)(1)(A) directs that when a period is stated in days the "day of the

event that triggers the period" should not be counted. The word "trigger" means "to initiate,

activate or set off…." Webster's New Collegiate Dictionary (1979). The automatic stay expired on

September 4, 2012. That was the day that triggered the thirty-day period under § 108(c)(2).

Accordingly, the last day before LBM's mortgage would have become obsolete was October 4,

2012.

As to the trustee's third argument as to why LBM's mortgage had become obsolete, the

---

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil
action in a court other than a bankruptcy court on a claim against the debtor, ... and such
period has not expired before the date of the filing of the petition, then such period does not
expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after
the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 ... of
this title ... with respect to such claim.

trustee claims that Bankruptcy Code § 108(c)(2) provides for expiration of the relevant period "30

days after *notice* of the termination or expiration of the stay….." The trustee points out that

LBM had notice of the termination or expiration of the stay on August 2, 2012 when, after holding

a hearing on the motion for relief, I granted LBM relief from stay effective September 4, 2012.

Thus by the trustee's reckoning LBM's right to act under § 108(c)(2) expired on September 2,

2012, before stay relief even became effective. The trustee's interpretation is at odds with the

policy behind § 108(c).

> Recognizing that a petition in bankruptcy could sometimes give a debtor unfair advantage over a claimant by allowing the debtor to remain under the protection of the automatic stay until the limitation period governing the claimant's action had expired, *see Meyer v. Cunningham,* 196 Ark. 1097, 121 S.W.2d 90 (1938) (party's claim barred by the statute of limitations even though limitation period ran during time that automatic stay prohibited party from bringing the action); *American Woolen Co. v. Samuelson,* 226 N.Y. 61, 123 N.E. 154 (1919) (same) congress acted to solidly preserve the rights of a party "stayed from commencing or continuing an action against the debtor because of the bankruptcy case". S.R.Rep. No. 95-989, 95th Cong., 2d Sess. 30 (1978); H.R. No. 95-595, 95th Cong., 2d Sess. 318 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. It did so by extending the period for "commencing or continuing a civil action" against the debtor to, *at a minimum*, 30 days after termination or expiration of the automatic stay. 11 U.S.C. § 108(c).

*Morton v. Bank of New York City (In re Morton)*, 866 F.2d 561, 566 -67 (2d Cir. 1989) (emphasis

added). *See also Shamus Holdings*, 642 F.3d at 266-67. ("[Section 108(c)(2)] preserves LBM's

option to commence a judicial foreclosure action until after the lifting of the automatic stay.").

**Conclusion**

On the record before me the obsolete mortgage statute is not applicable to LBM's

mortgage and amending the complaint to add a count under it would be futile. Therefore, the

trustee's motion to amend the complaint is DENIED.


Dated: July 19, 2013                                        By the Court,


                                                            _____
                                                            Melvin S. Hoffman
                                                            U.S. Bankruptcy Judge